UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK E. NOEL,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES WALKER, warden,<br><br>    Respondent. | No. C 08-3777 MHP (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

    Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2005 Mendocino County Superior Court conviction. In addition to his petition, petitioner also moved for a stay and abeyance of this action, for appointment of counsel and for leave to proceed in forma pauperis.

    The motion to hold the proceedings in abeyance and the petition indicate that petitioner's conviction was affirmed and the petition for review were denied in 2007, that he had already filed an unsuccessful habeas petition in the Mendocino County Superior Court and that he intended to file another petition in the California Supreme Court with potentially meritorious claims "shortly" after filing this action. See Motion To Hold Proceedings In Abeyance, p. 2. Liberally construed, the pro se motion satisfies the criteria for permitting a stay identified in Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The motion to hold these proceedings in abeyance is GRANTED. (Docket # 4.)

    This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts the

unexhausted claim and, within thirty days of doing so, moves to reopen this action, lift the court's stay and proceed with consideration of his habeas petition.  When he finishes in state court and moves to reopen, petitioner must clearly identify each claim that has been exhausted in state court.

Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.   If petitioner does not return within thirty days of exhausting the unexhausted claim, the action or the unexhausted claims may be dismissed.  See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).  Petitioner also must exercise continuous diligence during the exhaustion process in the state courts.  Imposing these time limits for petitioner to expeditiously get to, through, and back from state court furthers the AEDPA's goals of encouraging finality of judgments and streamlining federal habeas proceedings.  See Rhines, 544 U.S. at 278.

In addition to moving for a stay, petitioner moved for appointment to represent him in this action.  A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See id. The interests of justice do not require appointment of counsel in this action.  The motion for appointment of counsel is DENIED.  (Docket # 3.)

Petitioner's motion to proceed in forma pauperis is GRANTED.  (Docket # 2.)

IT IS SO ORDERED.

DATED:  January 20, 2009

Marilyn Hall Patel
United States District Judge

2