1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                      NORTHERN DISTRICT OF CALIFORNIA

7

8    PATRICK E. NOEL,                              No. C 08-3777 MHP (pr)

9              Petitioner,                         **ORDER TO SHOW CAUSE**

10        v.

11   JAMES WALKER, warden,

12             Respondent.
                                              /
13   ———————————————————————————

14                              **INTRODUCTION**

15        Petitioner filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §

16   2254 to challenge his 2005 Mendocino County Superior Court conviction.  The action was

17   stayed so that petitioner could exhaust state court remedies, and the stay was later lifted at

18   petitioner's request.  The court reviewed the amended petition and dismissed it with leave to

19   amend three of the claims.  Petitioner then filed an amendment to address the problems the

20   court had identified.  The amended petition as amended is now before the court for

21   consideration.

22                              **DISCUSSION**

23        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

24   custody pursuant to the judgment of a State court only on the ground that he is in custody in

25   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

26   A district court considering an application for a writ of habeas corpus shall "award the writ or

27   issue an order directing the respondent to show cause why the writ should not be granted,

28   unless it appears from the application that the applicant or person detained is not entitled

     thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in

United States District Court
For the Northern District of California

the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition (attached to the motion to lift the stay (docket # 7)) listed ten claims.  The court dismissed the petition with leave to amend to cure deficiencies in the fifth, seventh and tenth claims.  Petitioner then filed an amendment to amended petition (docket # 10) (hereinafter, the "amendment") that adequately cured the deficiencies the court had described in its order of dismissal with leave to amend.

The amended petition, as amended, alleges the following claims:  First, petitioner alleges that the admission of gang evidence violated his right to due process.  Second, he contends that his right to due process was violated because the evidence was insufficient to support the attempted murder conviction.  Third, he contends that his right to due process was violated because the evidence was insufficient to support the "gang offense." Amended Petition, p. 8.  Fourth, he contends that the evidence was insufficient to support the convictions for two violations of California Penal Code § 273a(a).  Fifth, petitioner contends that his right to due process was violated when the trial court permitted an "expert witness to be asked hypothetical question which omitted key facts in this case" and allowed "the chain of custody to be broken and the mishandling of the above evidence to be introduced" at trial.  Amendment, p. 3.  Sixth, petitioner alleges that his Sixth and Fourteenth Amendment right to the effective assistance of counsel was denied by counsel's failure to request an instruction on entrapment.  Seventh, petitioner alleges that his right to due process was violated by appellate counsel's failure to assert a claim for a Brady violation on appeal regarding Nathaniel Simmerson.  Eighth, petitioner contends that the trial court abused its discretion under California Penal Code § 654.  This claim is dismissed without leave to amend because it is a claim for a state law error for which federal habeas relief is not available.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Ninth, petitioner contends that his rights to due process and an impartial jury were violated (a) by the use of jury instruction CALJIC 2.83, regarding hypothetical questions, and (b) jury misconduct.  Tenth, petitioner contends that he was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel

**United States District Court**
For the Northern District of California

in that (a) counsel failed to investigate and present available exculpatory evidence (as described in the state petition) and (b) counsel failed to "undertake other actions necessary to petitioner's defense and for a meaningful appellate review."  Motion To Stay (docket # 7), attachments at state habeas petition, p. i.  The specific "other actions" are those described at pages 4-5 of the amendment. Liberally construed, these claims are cognizable in a federal habeas action, except for the eighth claim.  The eighth claim is dismissed.

**CONCLUSION**

For the foregoing reasons,

1.      The amended petition as amended by the amendment states cognizable claims for habeas relief and warrants a response.

2.      The clerk shall serve by certified mail a copy of all the filings in this action upon respondent and respondent's attorney, the Attorney General of the State of California.

3.      Respondent must file and serve upon petitioner, on or before **June 3, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the state court record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 8, 2011**.

5.      Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.      Petitioner's request to file a copy of his state appellate briefs is GRANTED. (Docket # 11.)  Those briefs have been made a part of the record.

IT IS SO ORDERED.

DATED:   March 28, 2011

_____
Marilyn Hall Patel
United States District Judge