United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK E. NOEL,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES WALKER, Warden,<br><br>    Respondent.<br>_____/ | No. C-08-3777 EMC (pr)<br><br>**ORDER DENYING PETITIONER'S "MOTION TO DISMISS, GRANTING WRIT OF HABEAS CORPUS"; GRANTING PETITIONER'S MOTION/REQUESTS FOR EXTENSION OF TIME; AND DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket Nos. 24-27)** |

    Petitioner filed a "motion to dismiss, granting writ of habeas corpus," in which he urged the Court to grant his habeas petition because respondent had not filed an answer. However, Respondent did file an answer before the extended deadline. Petitioner's motion is **DENIED**. (Docket # 24.)

    Petitioner also requested an extension of the deadline for his traverse. Upon due consideration, the request is **GRANTED**. (Docket # 25, # 26, # 27.) No later than **February 13, 2012**, Petitioner must file and serve his traverse.

    In his request for extension of the deadline to file his traverse, Petitioner renewed his request for appointment of counsel. (The Court denied an earlier request for counsel in a January 21, 2009 order.) A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel is **DENIED**. (Docket # 25.)

Petitioner stated in a recent filing that he "has not herd (sic) any thing regarding the Reassignment order dated 6-6-11? Requesting a Joint Case Management Conference Statement." (Docket # 24.) The reassignment simply means that a new judge is now presiding over the case. The case management conference statements are not necessary in this habeas action. At this time, the Court is waiting for Petitioner to file his traverse. Once Petitioner files his traverse (or the deadline to do so passes), the petition will be taken under submission for decision.

This order disposes of Docket Nos. 24, 25, 26, and 27.

IT IS SO ORDERED.

Dated: January 18, 2012

_____
EDWARD M. CHEN
United States District Judge