UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK E. NOEL, | No. C-08-3777 EMC (PR) |
|     Petitioner, | **ORDER GRANTING PETITIONER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL; AND DENYING MOTION FOR THE APPOINTMENT OF COUNSEL ON APPEAL** |
|     v. | |
| GREG LEWIS, Warden, | |
|     Respondent. | **(Docket No. 37)** |

       This is a closed federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. The petition was denied and judgment was entered in favor of respondent on May 10, 2012. Petitioner now moves for an extension of time to file a notice of appeal,[1] and to appoint counsel for purposes of his appeal. (Docket No. 37).

       Petitioner's motion for an extension of time is **GRANTED**. An appeal of right may be taken only by filing a valid notice of appeal in the district court within the time allowed by Fed. R. App. P. ("FRAP") 4. *See* FRAP 3(a)(1). The notice of appeal must be filed within 30 days after judgment is entered. *See* FRAP 4(a)(1). Relief from the deadline for filing a notice of appeal may be obtained by a motion in the district court under FRAP 4(a)(5) (motion for an extension of time) or 4(a)(6) (motion to reopen time to file appeal). FRAP 4(a)(5) allows a motion for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows an

---

[1] Petitioner at times says "Certificate of Appealability" ("COA"). The Court construes Petitioner to mean Notice of Appeal. All the same, any motion for an extension of time to file a Certificate of Appealability is **DENIED** as moot, the Court having declined to issue a COA in its order denying the petition.

1 excusable neglect or good cause. Petitioner's motion was signed on June 3, 2012, and therefore is
2 timely filed within the meaning of FRAP 4(a)(5). (Though stamped as received by this Court on
3 June 15, for purposes of the present motion the Court assumes that Petitioner put the motion in the
4 prison mail the day he signed it and will use that as the filing date under the prisoner mailbox rule.
5 *See* generally *Houston v. Lack*, 487 U.S. 266, 276 (1988).) The Court also finds that Petitioner has
6 shown good cause.

7 "No extension under this rule 4(a)(5) may exceed 30 days after the expiration of the
8 prescribed time [viz., 30 days from the date of entry of judgment] or 14 days after the date when the
9 order granting the motion is entered, whichever is later." FRAP 4(a)(5)(C). Here, that is 30 days
10 from June 9, 2012. **Accordingly, Petitioner must file his notice of appeal on or before July 9,**
11 **2012.**

12 Petitioner's motion to appoint counsel for purposes of his appeal is **DENIED**. There is no
13 right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.
14 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to
15 represent a habeas petitioner whenever "the court determines that the interests of justice so require"
16 and such person is financially unable to obtain representation. The decision to appoint counsel is
17 within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986),
18 and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman
19 & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).
20 Petitioner has not shown that there are exceptional circumstances warranting appointment of
21 counsel. Petitioner may of course ask the federal appellate court for the appointment of counsel.

22 This order disposes of Docket No. 37.
23 IT IS SO ORDERED.

25 Dated: June 21, 2012

EDWARD M. CHEN
United States District Judge